**JASON M. KERLAN #183897**
**LAW OFFICE OF JASON M. KERLAN**
**Post Office Box 975**
**Fresno, California 93714-0975**
**Telephone:    (559) 259-5959**
**Email:        jasonkerlan@gmail.com**

**Attorney for Plaintiff:        JOHN RIGGS individually and doing business as RIGGS EXCAVATION**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| **JOHN RIGGS individually and doing business as RIGGS EXCAVATION,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**COUNTY OF MARIPOSA, DAVID L. CONWAY, in both his official and personal capacity, and DOES 1 through 10, inclusive,**<br><br>**Defendants.** | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1.  **Denial of Substantive Due Process Violation of 42 U.S.C. § 1983**<br>2.  **Denial of Procedural Due Process Violation of 42 U.S.C. § 1983 -**<br>3.  **Denial of Substantive Due Process (Article I, Section 7 of the California Constitution)**<br>4.  **Denial of Procedural Due Process (Article I, Section 7 of the California Constitution)**<br>5.  **Slander Per Se; and**<br>6.  **Trade Libel and Defamation**<br>7.  **Intentional Interference with Contractual Rights;**<br>8.  **Intentional Interference with Prospective Economic Advantage;**<br>9.  **Intentional Infliction of Emotional Distress;**<br>10. **Negligent Infliction of Emotional Distress;**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff JOHN RIGGS individually and doing business as RIGGS EXCAVATION and alleges by way of his Complaint for Damages as follows:

/ / /

Complaint for Damages - Page 1

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. § 1981, § 1983, § 1985, § 1986, § 1988, 28 U.S.C § 1343, the Fourth and Fourteenth Amendments of the United States Constitution and other applicable laws as may be determined. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. The Court also has pendent jurisdiction over the state claims that arise from the nucleus of operative facts as set forth herein under 28 U.S.C. § 1367.

**VENUE**

2. The claims alleged herein arose in Mariposa County, California. Therefore, venue lies in the Eastern District of California. 28 U.S.C. § 1391(b)(2).

**PARTIES**

3. Plaintiff JOHN RIGGS is resident of the County of Madera, State of California and the United States of America and within the Eastern District Court's jurisdiction.

4. At all relevant times, Plaintiff JOHN RIGGS had and currently has a Class A - General Engineering contractor license, to wit, License No. 881745, issued by the California Contractor State License Board. At all relevant times, Plaintiff JOHN RIGGS was and is licensed to operate in Mariposa County by the California Contractors State License Board.

5. Upon information and belief, Defendant DAVID L CONWAY, is resident of the County of Mariposa, State of California and the United States of America and within the Eastern District Court's jurisdiction.

6. Defendant DAVID L. CONWAY (hereinafter referred to as "Defendant DAVID CONWAY") is sued both in his official capacity and individually capacity as the Director of the Environmental Health Unit of the Mariposa County Health and Human Services Agency.

7. Defendant COUNTY OF MARIPOSA is a municipal corporation, organized and existing under the laws of the State of California.

///

8. Upon information and belief, Defendant COUNTY OF MARIPOSA at all relevant times herein mentioned owns and operates the Mariposa County Health and Human Services Agency located at 5100 Bullion Street, Mariposa, CA 9533.

9. Defendants COUNTY OF MARIPOSA and Defendant DAVID CONWAY may hereinafter be referred to collectively as Defendant COUNTY OF MARIPOSA.

10. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES ONE (1) through TEN (10), inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff JOHN RIGGS is informed and believes and thereon alleges that, if Defendants are liable to the Plaintiff JOHN RIGGS as alleged in the Complaint in this action, each of the fictitiously named Defendants are jointly or jointly and severally liable with all Defendants to Plaintiff JOHN RIGGS for Plaintiff JOHN RIGGS' damages, as set forth herein. Each reference in this Complaint to "Defendant," "Defendants," or a specifically named Defendant refers to all Defendants sued under fictitious names

11. Plaintiff JOHN RIGGS is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of his or her Co-defendants.

12. All of the acts and conduct committed by each and every municipal Defendant and described in this Complaint were duly authorized, ordered and directed by the respective Defendant's municipal employees and officers. In addition, these municipal employers participated in the aforesaid acts and conduct of their employees, agents, and respectively ratified, accepted the benefits of, condoned and approved each and all of the acts and conduct of the Defendant's municipal employees.

13. At all relevant times mentioned herein Defendant DAVID CONWAY and DOES ONE (1) through TEN (10) were acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the State of California and/or

the Defendant COUNTY OF MARIPOSA and within their scope of employment.

14. On or about June 16, 2022, Defendant DAVID L. CONWAY, REHS, Director of environmental Health Unit, Mariposa County Department of Health and Human Services Agency sent Plaintiff JOHN RIGGS d.b.a. RIGGS EXCAVATION a certified letter stating as follows:

> "The purpose of this letter is to inform you that effective immediately this office will no longer accept certifications from Riggs Excavation to assist us in approving Vacation Rental Applications. This decision is based on the fact that there have been several cases where there are inconsistencies in the reports we have received and what we observed in the field."

15. On July 13, 2022, Defendant DAVID CONWAY, REHS, Director of Environmental Health Unit, Mariposa County Department of Health and Human Services Agency sent Plaintiff JOHN RIGGS d.b.a. RIGGS EXCAVATION an email correspondence stating as follows:

> "On June 16, 2022, this office sent you two copies of the attached letter informing you that we will no longer accept certifications from your company regarding vacation rental properties. However, we received a certification for a vacation rental completed by you from Bruce Contreras dated June 27, 2022. Mr. Contreras has been informed that we cannot accept the certification and must; therefore, have the certification redone."

16. From and after June 16, 2022, through the filing of this Complaint, Defendant COUNTY OF MARIPOSA by and through its employee Defendant DAVID CONWAY, Director of Environmental Health Unit, Mariposa County Department of Health and Human Services Agency has in effect suspended the Class A, general engineering license of Plaintiff JOHN RIGGS from operating in the County of Mariposa without substantive and procedural due process and without notice and an opportunity to be heard before implementation of this policy that in effect suspended the future acceptance of all vacation rental septic certifications from Plaintiff JOHN RIGGS.

17. The aforementioned suspension policy has caused and will continue to cause Plaintiff JOHN RIGGS significant financial injury to his ongoing business and trade in the County of Mariposa as a California Class A, General Engineering license issued to Plaintiff JOHN RIGGS by the Contractors State License Board (License No. 881745).

18. The policy of Defendant COUNTY OF MARIPOSA of disallowing vacation rental septic certifications from Plaintiff JOHN RIGGS is without legal cause and substantial justification.

19. On or about June 16, 2022, through the present Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, intentionally and/or negligently caused substantial financial losses to Plaintiff JOHN RIGGS without legal cause and substantial justification.

20. Before implementation of the policy on June 16, 2022, disallowing certifications from Plaintiff JOHN RIGGS, Plaintiff JOHN RIGGS was not given adequate notice and an opportunity to be heard before the implementation of said policy.

21. At all relevant times, Defendant DAVID CONWAY was acting in the course and scope of his employment with Defendant COUNTY OF MARIPOSA.

22. On December 14, 2022, Plaintiff JOHN RIGGS inquired with KERRI GIBBONS the new Director of Director of environmental Health Unit, Mariposa County Department of Health and Human Services if Plaintiff JOHN RIGGS could resume submitting vacation rental septic certifications to the COUNTY OF MARIPOSA and was verbally informed that he could not. KERRI GIBBONS stated that she has to uphold the decision of the Board of Supervisors.

23. Plaintiff reserves the right to amend this Complaint to proof adduced at trial upon oral motion to the Court.

24. On or about September 26, 2022, Plaintiff JOHN RIGGS presented to the COUNTY OF MARIPOSA and filed a claim with the County Clerk for the Board of Supervisors of the COUNTY OF MARIPOSA, for the injuries, disability, loss and damages suffered and incurred by Plaintiff JOHN RIGGS by reason of the herein described occurrences, all in compliance with the requirements of Section 905 of the Government Code.  A copy of the Claim is attached hereto as **EXHIBIT 1** and made a part hereof.

/ / /

/ / /

25. On or about November 8, 2022, notice was given to Plaintiff JOHN RIGGS that said Claim was denied by the COUNTY OF MARIPOSA on November 1, 2022. A copy of the Denial is attached hereto as **EXHIBIT 2** and made a part hereof.

## FIRST CAUSE OF ACTION

## DENIAL OF SUBSTANTIVE DUE PROCESS

**(Fourteenth Amendment to the U.S. Constitution - 42 U.S.C. § 1983)**

As a separate and distinct FIRST CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

26. Plaintiff JOHN RIGGS  incorporate by reference paragraphs 1 through 25, as though fully set forth herein in this First Cause of Action.

27. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, deprived Plaintiff JOHN RIGGS of his  constitutionally protected life, liberty, or property interest" in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)).

28. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, by implementing its decision to refuse to accept vacation rental septic certifications in its letter of June 16, 2022, without providing Plaintiff JOHN RIGGS notice and an opportunity to refute the false allegations contained in the June 16, 2022, letter denied Plaintiff JOHN RIGGS adequate substantive due process as required by the Fourteenth Amendment to the U.S. Constitution which constitutes a violation of  42 U.S.C. § 1983.

29. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, by implementing their decision to refuse to accept vacation rental septic certifications in its letter of June 16, 2022, to Plaintiff JOHN RIGGS "shocks the

Complaint for Damages - Page 6

conscience" or "interferes with rights implicit in the concept of ordered liberty" in refusing to allow Plaintiff JOHN RIGGS to conduct business with the Defendant COUNTY OF MARIPOSA pursuant to his general engineering license issued by the California Contractor's State Licensing Board.

30. The substantive due process clause "guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." Halverson v. Skagit Cnty., 42 F.3d 1257, 1261 (9th Cir.1994) (citation omitted).

31. Plaintiff JOHN RIGGS alleges that the decision to refuse to accept his vacation rental septic certifications was and is arbitrary and capricious government action against him and his property interests in being able to conduct business with Defendant COUNTY OF MARIPOSA.

32. On June 16, 2022, Plaintiff JOHN RIGGS was deprived of a constitutionally protected life, liberty or property interest by Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

33. On June 16, 2022, Plaintiff JOHN RIGGS was deprived of constitutionally adequate procedural protections by Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

34. On June 16, 2022, the action of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, in issuing their decision to refuse to accept his vacation rental septic certifications was and is arbitrary and capricious government action against Plaintiff JOHN RIGGS.

35. Plaintiff JOHN RIGGS asserts Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, violated his liberty interest in refuse to accept his vacation rental septic certifications from him on the basis of false charges that impugned his good name. Board of Regents v. Roth (1972) 408 U.S. 564, 57 (Roth). (See also Murden v. County of Sacramento (1984) 160 Cal.App.3d 302, 308, 206 Cal.Rptr. 699; Lubey v. City and County of San Francisco (1979) 98 Cal.App.3d 340, 346, 159

Complaint for Damages - Page 7

Cal.Rptr. 440.)

36. Plaintiff JOHN RIGGS alleges that where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.

37. Plaintiff JOHN RIGGS asserts that because the decision of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, to refuse to accept his vacation rental septic certifications from him is based on a charge that he had been guilty of dishonesty or immorality.  Plaintiff JOHN RIGGS asserts that due process accords him an opportunity to refute the charge before the Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

38. Because Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them are infringing upon Plaintiff JOHN RIGGS' liberty interest by depriving him of a government benefit in a stigmatizing manner, the remedy mandated by the Due Process Clause of the Fourteenth Amendment is an opportunity to refute the charge.

39. As a result of said actions, Plaintiff JOHN RIGGS is entitled to attorney's fees and costs to be awarded to them pursuant to 42 U.S.C. Sections 1983 and 1988.

**SECOND CAUSE OF ACTION**

**DENIAL OF PROCEDURAL DUE PROCESS**

**(Fourteenth Amendment to the U.S. Constitution - 42 U.S.C. § 1983)**

As a separate and distinct SECOND CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

40. Plaintiff JOHN RIGGS  incorporates by reference paragraphs 1 through 39, as though fully set forth herein in this Second Cause of Action.

41. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, deprived Plaintiff JOHN RIGGS his constitutionally protected "life,

Complaint for Damages - Page 8

liberty, or property interest" in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)).

42. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, by implementing their decision to refuse to accept vacation rental septic certifications in its letter of June 16, 2022, without providing Plaintiff JOHN RIGGS notice and an opportunity to refute the false allegations contained in the June 16, 2022, letter denied Plaintiff JOHN RIGGS adequate procedural due process as required by the Fourteenth Amendment to the U.S. Constitution which constitutes a violation of 42 U.S.C. § 1983.

43. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, by implementing their decision to refuse to accept vacation rental septic certifications in its letter of June 16, 2022, to Plaintiff JOHN RIGGS "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty" by refusing to allow Plaintiff JOHN RIGGS to conduct business with the Defendant COUNTY OF MARIPOSA pursuant to his general engineering license issued by the California Contractor's State Licensing Board.

44. Plaintiff RIGGS alleges that the decision to refuse to accept his vacation rental septic certifications was and is arbitrary and capricious government action against him and his property interests in being able to conduct business with Defendant COUNTY OF MARIPOSA.

45. On June 16, 2022, Plaintiff JOHN RIGGS was deprived of a constitutionally protected life, liberty or property interest by Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

46. On June 16, 2022, Plaintiff JOHN RIGGS was deprived of constitutionally adequate procedural protections by Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

///

Complaint for Damages - Page 9

47. On June 16, 2022, the action of Defendant COUNTY OF MARIPOSA in issuing its decision to refuse to accept his vacation rental septic certifications was and is arbitrary and capricious government action against Plaintiff JOHN RIGGS.

48. Plaintiff JOHN RIGGS asserts Defendant COUNTY OF MARIPOSA violated his liberty interest by refusing to accept his vacation rental septic certifications from him on the basis of false charges that impugned his good name. Board of Regents v. Roth (1972) 408 U.S. 564, 57 (Roth). (See also Murden v. County of Sacramento (1984) 160 Cal.App.3d 302, 308, 206 Cal.Rptr. 699; Lubey v. City and County of San Francisco (1979) 98 Cal.App.3d 340, 346, 159 Cal.Rptr. 440.)

49. Plaintiff JOHN RIGGS alleges that where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.

50. Plaintiff JOHN RIGGS asserts that because the decision of Defendant COUNTY OF MARIPOSA decision to refuse to accept his vacation rental septic certifications from him is based on a charge that he had been guilty of dishonesty or immorality. Plaintiff JOHN RIGGS asserts due process accords him an opportunity to refute the charge before the Defendant COUNTY OF MARIPOSA.

51. Because Defendant COUNTY OF MARIPOSA is infringing upon Plaintiff JOHN RIGGS' liberty interest by depriving him of a government benefit in a stigmatizing manner, the remedy mandated by the Due Process Clause of the Fourteenth Amendment is 'an opportunity to refute the charge'.

52. As a result of said actions, Plaintiff JOHN RIGGS is entitled to attorney's fees and costs to be awarded to them pursuant to 42 U.S.C. Sections 1983 and 1988.

/ / /

/ / /

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

## DENIAL OF SUBSTANTIVE DUE PROCESS

### (Article I, Section 7 of the California Constitution)

As a separate and distinct THIRD CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

53. Plaintiff JOHN RIGGS incorporate by reference paragraphs 1 through 52, as though fully set forth herein in this Third Cause of Action.

54. Article I, section 7 of the California Constitution provides that a "person may not be deprived of life, liberty, or property without due process of law."

55. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, deprived Plaintiff JOHN RIGGS of his constitutionally protected life, liberty, or property interest in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty."

56. Defendant COUNTY OF MARIPOSA by implementing its decision to refuse to accept vacation rental septic certifications in its letter of June 16, 2022, without providing Plaintiff JOHN RIGGS notice and an opportunity to refute the false allegations contained in the June 16, 2022, letter denied Plaintiff JOHN RIGGS adequate substantive due process as required by Article I, Section 7 of the California Constitution.

57. Defendant COUNTY OF MARIPOSA by implementing its decision to refuse to accept vacation rental septic certifications in its letter of June 16, 2022, to Plaintiff JOHN RIGGS "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty" by refusing to allow Plaintiff RIGGS to conduct business with the Defendant COUNTY OF MARIPOSA pursuant to his license issued by the California Contractor's State Licensing Board.

///

///

///

Complaint for Damages - Page 11

58.   Plaintiff RIGGS alleges that the decision to refuse to accept his vacation rental septic certifications was and is arbitrary and capricious government action against him and his property interests in being able to conduct business with Defendant COUNTY OF MARIPOSA.

59.   On June 16, 2022, Plaintiff JOHN RIGGS was deprived of a constitutionally protected life, liberty or property interest by the COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

60.   On June 16, 2022, Plaintiff JOHN RIGGS was deprived of constitutionally adequate procedural protections by the COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

61.   On June 16, 2022, the action of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, in issuing their decision to refuse to accept his vacation rental septic certifications was and is arbitrary and capricious government action against Plaintiff JOHN RIGGS.

62.   Plaintiff JOHN RIGGS asserts Defendant COUNTY OF MARIPOSA violated his liberty interest in refuse to accept his vacation rental septic certifications from him on the basis of false charges that impugned his good name.   Board of Regents v. Roth (1972) 408 U.S. 564, 57 (Roth). (See also Murden v. County of Sacramento (1984) 160 Cal.App.3d 302, 308, 206 Cal.Rptr. 699;   Lubey v. City and County of San Francisco (1979) 98 Cal.App.3d 340, 346, 159 Cal.Rptr. 440.)

63.   Plaintiff JOHN RIGGS alleges that where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.

64.   Plaintiff JOHN RIGGS asserts that because the decision of Defendant COUNTY OF MARIPOSA decision to refuse to accept his vacation rental septic certifications from him is based on a charge that he had been guilty of dishonesty or immorality.  Plaintiff JOHN RIGGS due process accords him an opportunity to refute the charge before the Defendant COUNTY OF MARIPOSA.

Case 1:23-cv-00710-KES-SAB   Document 1   Filed 05/08/23   Page 13 of 40

65. Because Defendant COUNTY OF MARIPOSA is infringing upon Plaintiff JOHN RIGGS' liberty interest by depriving him of a government benefit in a stigmatizing manner, the remedy mandated by Article I, Section 7 of the California Constitution is an opportunity to refute the charge.

## FOURTH CAUSE OF ACTION

## DENIAL OF PROCEDURAL DUE PROCESS

**(Article I, Section 7 of the California Constitution)**

As a separate and distinct FOURTH CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

66. Plaintiff JOHN RIGGS incorporate by reference paragraphs 1 through 65, as though fully set forth herein in this Fourth Cause of Action.

67. Article I, section 7 of the California Constitution provides that a "person may not be deprived of life, liberty, or property without due process of law."

68. Defendant COUNTY OF MARIPOSA deprived Plaintiff JOHN RIGGS his constitutionally protected life, liberty, or property interest in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty."

69. Defendant COUNTY OF MARIPOSA by implementing its decision to refuse to accept vacation rental septic certifications in its letter of June 16, 2022, without providing Plaintiff JOHN RIGGS notice and an opportunity to refute the false allegations contained in the June 16, 2022, letter denied Plaintiff JOHN RIGGS adequate procedural due process as required by Article I, Section 7 of the California Constitution.

70. Defendant COUNTY OF MARIPOSA by implementing its decision to refuse to accept vacation rental septic certifications in its letter of June 16, 2022, to Plaintiff JOHN RIGGS "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty" by refusing to allow Plaintiff RIGGS to conduct business with the Defendant COUNTY OF MARIPOSA pursuant to his license issued by the California Contractor's State Licensing Board.

71. Plaintiff RIGGS alleges that the decision to refuse to accept his vacation rental septic certifications was and is arbitrary and capricious government action against him and his property interests in being able to conduct business with Defendant COUNTY OF MARIPOSA.

72. On June 16, 2022, Plaintiff JOHN RIGGS was deprived of a constitutionally protected life, liberty or property interest by Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

73. On June 16, 2022, Plaintiff JOHN RIGGS was deprived of constitutionally adequate procedural protections by Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

74. On June 16, 2022, the action of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them in issuing their decision to refuse to accept his vacation rental septic certifications was and is arbitrary and capricious government action against Plaintiff JOHN RIGGS.

75. Plaintiff JOHN RIGGS asserts Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them violated his liberty interest by refusing to accept his vacation rental septic certifications from him on the basis of false charges that impugned his good name.

76. Plaintiff JOHN RIGGS alleges that where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.

77. Plaintiff JOHN RIGGS asserts that because the decision of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, to refuse to accept his vacation rental septic certifications from him is based on a charge that he had been guilty of dishonesty or immorality. Plaintiff JOHN RIGGS alleges that due process accords him an opportunity to refute the charge before the Defendant COUNTY OF MARIPOSA.

///

Complaint for Damages - Page 14

78. The procedural due process protection in the California Constitution exists "to provide affected parties with the right to be heard at a meaningful time and in a meaningful manner." D & M Fin. Corp. v. City of Long Beach, 136 Cal.App.4th 165, 175, (2006) (citations omitted).

79. Because Defendant COUNTY OF MARIPOSA is infringing upon Plaintiff JOHN RIGGS' liberty interest by depriving him of a government benefit in a stigmatizing manner, the remedy mandated by Article I, Section 7 of the California Constitution is an opportunity to refute the charge.

## FIFTH CAUSE OF ACTION

## SLANDER PER SE

As a separate and distinct FIFTH CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

80. Plaintiff JOHN RIGGS  incorporate by reference paragraphs 1 through 79, as though fully set forth herein in this Fifth Cause of Action.

81. California Civil Code section §46, provides in pertinent part:

> "Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:
>
> 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;
>
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;"

82. Upon information and belief, from and after June 16, 2022, through the filing of this Complaint, Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY made the following defamatory statements to Bruce Contreras, customers, clients, prospective customers and prospective clients of Plaintiff JOHN RIGGS and other

persons in Mariposa County concerning Plaintiff JOHN RIGGS:

    a.    That Plaintiff JOHN RIGGS provided false and substandard vacation rental septic certifications to Defendant COUNTY OF MARIPOSA.

    b.    That Plaintiff JOHN RIGGS was disqualified from providing vacation rental septic certifications to Defendant COUNTY OF MARIPOSA because of prior alleged false certifications not being conducted in a proper manner such as to bar Plaintiff JOHN RIGGS from submitting future vacation rental septic certifications to Defendant COUNTY OF MARIPOSA.

    c.    False, substandard or improper vacation rental septic certifications were submitted to Defendant COUNTY OF MARIPOSA by Plaintiff JOHN RIGGS.

83.    The aforementioned statements made by Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, had the tendency to injure Plaintiff JOHN RIGGS in his trade and business because the statements attack Plaintiff JOHN RIGGS 's veracity and character as an esteemed Class A - General Engineering contractor with a license issued by the California Contractor State License Board licensed to operate in Mariposa County, as well as attacking the good and honest business and trade of Plaintiff JOHN RIGGS with persons in the community of Mariposa County.

84.    Upon information and belief, members of the public and persons in the Mariposa County understood that the statements were about Plaintiff JOHN RIGGS as the statements were made of, concerning, and mentioned Plaintiff JOHN RIGGS and RIGGS EXCAVATION, expressly.

85.    All statements are entirely false as they pertain to Plaintiff JOHN RIGGS, and are defamatory, slanderous on their face, and expose Plaintiff JOHN RIGGS to hatred, contempt, ridicule, and obloquy because Plaintiff JOHN RIGGS did not perform substandard work as a Class A - General Engineering contractor or submit false,

substandard and improper vacation rental septic certifications to Defendant COUNTY OF MARIPOSA.

86. The aforementioned statements were understood by those who heard them in a way that defamed the reputation of Plaintiff JOHN RIGGS as a well-respected Class A - General Engineering contractor with a license issued by the California Contractor State License Board licensed to operate in Mariposa County.

87. These statements were made to persons, customers, clients and members of the general community in Mariposa County, California.

88. Upon information and belief, Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, failed to use reasonable care to determine the truth or falsity of his statements. Upon information and belief, the wrongful conduct of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, was a substantial factor in causing Plaintiff JOHN RIGGS harm, including but not limited to harm to Plaintiff JOHN RIGGS 's business, trade, and profession, Plaintiff JOHN RIGGS suffered damages as a result of the defamatory statements, and harm to Plaintiff JOHN RIGGS 's reputation, in addition to those assumed by law.

89. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, published and disseminated these false and defamatory statements with constitutional malice in that Defendant COUNTY OF MARIPOSA, and Defendant DAVID CONWAY, and each of them, knew that the statements were false, or acted with reckless disregard for the truth of these statements.

90. Plaintiff JOHN RIGGS is entitled to general damages to it business and trade, for his loss of business reputation, shame, mortification, and other damages in accordance with proof at trial.

91. Plaintiff JOHN RIGGS is entitled to special damages for the damage done to his business, trade, and profession, including all damages suffered by Plaintiff JOHN RIGGS as a result of the Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY's defamatory statements and assertions. In particular, these false and

defamatory statements caused a loss of future business income from other vacation rental home owners in Mariposa County seeking the services of a septic certification from Plaintiff JOHN RIGGS.

92. As a direct result of Defendant COUNTY OF MARIPOSA and DAVID CONWAY's wrongful acts, Plaintiff JOHN RIGGS has suffered other damage and has suffered an indelible mark on its trade, profession and business reputation in an amount to be proven at trial.

93. Defendant COUNTY OF MARIPOSA and DAVID CONWAY, and Defendant DAVID CONWAY, and each of them, acted with reckless, willful or callous disregard for Plaintiff JOHN RIGGS rights and with malice, fraud or oppression toward Plaintiff JOHN RIGGS thereby entitling Plaintiff JOHN RIGGS to an award of punitive damages, against Defendant DAVID CONWAY, only, in accordance with proof at trial.

94. As a proximate result of the above-described statements, Plaintiff JOHN RIGGS has suffered loss to his business trade and reputation, all to its general damages.

95. As a further proximate result of the above-described statements, Plaintiff JOHN RIGGS has suffered loss of business, in an amount to be proven at trial.

96. Upon information and belief, by engaging in the above conduct, Defendant COUNTY OF MARIPOSA, and each of them, acted with malice, oppression, and/or fraud, entitling Plaintiff JOHN RIGGS to exemplary and punitive damages against DAVID CONWAY, only.

### SIXTH CAUSE OF ACTION

### TRADE LIBEL AND DEFAMATION

As a separate and distinct SIXTH CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

97. Plaintiff JOHN RIGGS incorporate by reference paragraphs 1 through 98, as though fully set forth herein in this Sixth Cause of Action.

///

Complaint for Damages - Page 18

98. California Civil Code section §45, provides:

> "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

99. Upon information and belief, from and after June 16, 2022, through the filing of this complaint  Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, published the false statements to Bruce Contreras and other persons in Mariposa County in writing concerning Plaintiff JOHN RIGGS:

    a.    That Plaintiff JOHN RIGGS provided false and substandard vacation rental septic certifications to Defendant COUNTY OF MARIPOSA.

    b.    That Plaintiff JOHN RIGGS was disqualified from providing vacation rental septic certifications to Defendant COUNTY OF MARIPOSA because of prior alleged certifications being false and not being conducted in a proper manner such as to bar Plaintiff JOHN RIGGS from submitting future vacation rental septic certifications to Defendant COUNTY OF MARIPOSA.

    c.    False, substandard or improper vacation rental septic certifications were submitted to Defendant COUNTY OF MARIPOSA by Plaintiff JOHN RIGGS.

100. The aforementioned statements made by Defendant COUNTY OF MARIPOSA, and Defendant DAVID CONWAY, and each of them, had the tendency to injure Plaintiff JOHN RIGGS  in his trade and business because the statements attack Plaintiff JOHN RIGGS's veracity and reputation as an esteemed Class A - General Engineering contractor with a license issued by the California Contractor State License Board licensed to operate in Mariposa County.

101. Upon information and belief, members of the public and Mariposa County community understood that the statements were about Plaintiff JOHN RIGGS  as the statements were made of, concerning, and mentioned Plaintiff JOHN RIGGS trade and business

Complaint for Damages - Page 19

expressly.

102. All statements are entirely false as they pertain to Plaintiff JOHN RIGGS, and are defamatory, slanderous on their face, and expose Plaintiff JOHN RIGGS to hatred, contempt, ridicule, and obloquy because Plaintiff JOHN RIGGS did not submit false, substandard and improper vacation rental certifications to Defendant COUNTY OF MARIPOSA.

103. The aforementioned statements were understood by those who heard them in a way that defamed the trade and business reputation of Plaintiff JOHN RIGGS as a well-respected Class A - General Engineering contractor with a license issued by the California Contractor State License Board licensed to operate in Mariposa County who provided vacation rental septic certifications in Mariposa County.

104. These aforementioned statements were made to members of the public and other customers seeking vacation rental septic certifications in Mariposa County.

105. Upon information and belief, Defendant COUNTY OF MARIPOSA failed to use reasonable care to determine the truth or falsity of the statements. Upon information and belief, the wrongful conduct of Defendant COUNTY OF MARIPOSA, and each of them, was a substantial factor in causing Plaintiff JOHN RIGGS harm, including but not limited to harm to Plaintiff JOHN RIGGS 's business, trade, profession. Plaintiff JOHN RIGGS has suffered damages as a result of the defamatory statements, and harm to Plaintiff JOHN RIGGS 's trade and business reputation, in addition to those assumed by law.

106. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, published and disseminated these false and defamatory statements with constitutional malice in that Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, knew that the statements were false, or acted with reckless disregard for the truth of these statements.

///

///

Complaint for Damages - Page 20

107. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, made false statements about Plaintiff JOHN RIGGS in order to damage its business reputation in Mariposa County.

108. Plaintiff JOHN RIGGS is entitled to general damages for his loss of trade and business reputation, shame, mortification, in accordance with proof at trial.

109. Plaintiff JOHN RIGGS is entitled to special damages for the damage done to his business, trade, profession, including all damages suffered by Plaintiff JOHN RIGGS as a result of the Defendant COUNTY OF MARIPOSA's defamatory statements and assertions. In particular, these false and defamatory statements caused a loss of future business income from other persons in Mariposa County seeking vacation rental septic certifications to be submitted to Defendant COUNTY OF MARIPOSA.

110. As a direct result of Defendant COUNTY OF MARIPOSA and DAVID CONWAY's wrongful acts, Plaintiff JOHN RIGGS has suffered emotional distress and other damage and has suffered an indelible mark on his trade and business reputation in an amount to be proven at trial.

111. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, acted with reckless, willful or callous disregard for Plaintiff JOHN RIGGS rights and with malice, fraud or oppression toward Plaintiff JOHN RIGGS, thereby entitling Plaintiff JOHN RIGGS to an award of punitive damages against Defendant DAVID CONWAY, only, in accordance with proof at trial.

112. As a proximate result of the above-described statements, Plaintiff JOHN RIGGS has suffered loss to his trade and business reputation, all to his general damage.

113. As a further proximate result of the above-described statements, Plaintiff JOHN RIGGS has suffered loss of business, in an amount to be proven at trial.

114. Upon information and belief, by engaging in the above conduct, Defendant COUNTY OF MARIPOSA, and Defendant DAVID CONWAY, and each of them, acted with malice, oppression, and/or fraud, entitling Plaintiff JOHN RIGGS to exemplary and punitive damages, against Defendant DAVID CONWAY, only.

## SEVENTH CAUSE OF ACTION

## INTERFERENCE WITH CONTRACTUAL RELATIONS

As a separate and distinct SEVENTH CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

115.   Plaintiff JOHN RIGGS  incorporate by reference paragraphs 1 through 115, as though fully set forth herein in this Seventh Cause of Action.

116.   Defendant COUNTY OF MARIPOSA knew of the contract for a septic certification contract existed between Plaintiff and JOHN RIGGS and BRUCE CONTRERAS in that on July 13, 2022, Defendant DAVID CONWAY sent Plaintiff JOHN RIGGS an email stating that he on behalf of Defendant COUNTY OF MARIPOSA knew of the existence of the vacation rental septic certification contract with BRUCE CONTRERAS and Plaintiff JOHN RIGGS.

117.   Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, intentionally acted in manner that was designed to disrupt the above described economic relationship, between BRUCE CONTRERAS and Plaintiff JOHN RIGGS.

118.   Upon information and belief, on or about July 13, 2022, Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, met with BRUCE CONTRERAS. At this meeting Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, falsely represented that Plaintiff JOHN RIGGS was unreliable, and no longer capable of providing quality vacation rental septic certifications all with the intent to harm Plaintiff JOHN RIGGS financially and to induce BRUCE CONTRERAS to  breach his contract or sever his business relationship with Plaintiff JOHN RIGGS.

119.   On or about July 13, 2022, BRUCE CONTRERAS cancelled the described contract with Plaintiff JOHN RIGGS as a result of Defendant COUNTY OF MARIPOSA's conduct.

/ / /

/ / /

Complaint for Damages - Page 22

120. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, were the proximate cause of actual damages suffered by Plaintiff JOHN RIGGS.

121. As a proximate result of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY's conduct and that caused the breach of the contract of the contract of Bruce Contreras, with Plaintiff JOHN RIGGS, Plaintiff JOHN RIGGS has suffered damages.

122. The aforementioned acts of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, were willful, oppressive and malicious. Plaintiff JOHN RIGGS is therefore entitled to punitive damages against Defendant DAVID CONWAY, only.

123. The aforementioned acts of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, threaten to and unless restrained, will continue to disrupt and and interfere with the contracts or business relationships between Plaintiff JOHN RIGGS and other prospective customers to Plaintiff JOHN RIGGS' great and irreparable injury, for which damages would not afford adequate relief, in that they would not completely compensate for the injury to Plaintiff JOHN RIGGS' business reputation and goodwill.

## EIGHTH CAUSE OF ACTION

## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

As a separate and distinct EIGHTH CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

124. Plaintiff JOHN RIGGS incorporate by reference paragraphs 1 through 124, as though fully set forth herein in this Eighth Cause of Action.

125. Plaintiff JOHN RIGGS and BRUCE CONTRERAS were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff JOHN RIGGS.

126. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, knew of the relationship between Plaintiff JOHN RIGGS and BRUCE CONTRERAS.

127. Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, falsely represented that Plaintiff JOHN RIGGS was unreliable, and no longer capable of providing quality vacation rental septic certifications all with the intent to harm Plaintiff JOHN RIGGS financially and to induce BRUCE CONTRERAS to breach his contract or sever his business relationship with Plaintiff JOHN RIGGS.

128. That by engaging in this conduct, Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them, intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur.

129. Plaintiff JOHN RIGGS' relationship with BRUCE CONTRERAS was disrupted.

130. Plaintiff JOHN RIGGS was harmed and/or damaged by the conduct of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, and each of them.

131. The conduct of Defendant COUNTY OF MARIPOSA and Defendant DAVID CONWAY, was a substantial factor in causing Plaintiff JOHN RIGGS' damages and/or harm.

## NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

As a separate and distinct NINTH CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

132. Plaintiff JOHN RIGGS  incorporate by reference paragraphs 1 through 133, as though fully set forth herein in this Ninth Cause of Action.

133. The actions of Defendant COUNTY OF MARIPOSA, and Defendant DAVID CONWAY and each of them, as alleged above were done in a deliberate and intentional manner. Defendant COUNTY OF MARIPOSA, and Defendant DAVID CONWAY and each of them, knew that such Slander Per Se and Trade Libel and Defamation would result in Plaintiff JOHN RIGGS suffering highly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry, weight gain, hair loss, mortification, shock, humiliation, indignity, embarrassment, sleeplessness, headaches and other psychological

damage. Said emotional distress was of a substantial quantity or enduring quality that no reasonable person in a civilized society should be expected to endure it.

134. The extreme and outrageous character of the conduct alleged by Plaintiff JOHN RIGGS arise from an abuse of the relationship in which Defendant COUNTY OF MARIPOSA, and Defendant DAVID CONWAY and each of them, had actual and apparent authority over Plaintiff JOHN RIGGS and power to affect his business interests.

135. The conduct of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, alleged above was extreme and outrageous. The alleged conduct of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, was done in a deliberate and intentional manner, and Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, knew that such Slander Per Se and Trade Libel and Defamation would result in Plaintiff JOHN RIGGS suffering severe emotional distress. Plaintiff JOHN RIGGS further alleges that the actions of Slander Per Se and Trade Libel and Defamation as set forth above was severe and pervasive.

136. As a proximate result of the conduct of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, Plaintiff JOHN RIGGS has suffered and will continue to suffer severe emotional distress including, but not limited to, highly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry, weight gain, hair loss, mortification, shock, humiliation, indignity, embarrassment, sleeplessness, headaches and other psychological damage. Said emotional distress was of a substantial quantity or enduring quality that no reasonable person in a civilized society should be expected to endure it.

137. Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff JOHN RIGGS and with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff JOHN RIGGS' rights as guaranteed under the laws of the State of California. Said conduct is a violation

of California Civil Code § 3294,  justifying an award of punitive damages, against Defendant DAVID CONWAY, only, in an amount greatly in excess of the minimal jurisdictional amount of this Court.

## TENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

As a separate and distinct TENTH CAUSE OF ACTION, Plaintiff JOHN RIGGS complains of Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, and alleges:

138.   Plaintiff JOHN RIGGS  incorporate by reference paragraphs 1 through 138, as though fully set forth herein in this Tenth Cause of Action.

139.   At all material times and in doing the things alleged herein, Defendant COUNTY OF MARIPOSA, and Defendant DAVID CONWAY and each of them, knew or should have known that Plaintiff JOHN RIGGS  was susceptible to suffering severe emotional distress if Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, committed acts Slander Per Se and Trade Libel and Defamation against Plaintiff JOHN RIGGS.

140.   As a proximate result of the above-mentioned  acts of Slander Per Se and Trade Libel and Defamation committed by Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, Plaintiff has and continues to suffer severe emotional and mental distress and resulting physical injuries and damages and as such has been injured in an amount greatly in excess of the minimal jurisdictional amount of this court.

141.   As a proximate result of the above-mentioned  acts of Slander Per Se and Trade Libel and Defamation committed by Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, Plaintiff JOHN RIGGS has suffered and continues to suffer highly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry, weight gain, hair loss, mortification, shock, humiliation, indignity, embarrassment, sleeplessness, headaches and other psychological damage.  Said

emotional distress was of a substantial quantity or enduring quality that no reasonable person in a civilized society should be expected to endure it.

## **PRAYER**

WHEREFORE, Plaintiff JOHN RIGGS prays for judgment against Defendant COUNTY OF MARIPOSA and Defendant DAVID L. CONWAY, and each of them, as follows:

A.  For all general damages for DENIAL OF SUBSTANTIVE DUE PROCESS - (Violation of 42 U.S.C. § 1983) in an amount according to proof.

B.  For all general damages for DENIAL OF PROCEDURAL DUE PROCESS (Violation of 42 U.S.C. § 1983) in an amount according to proof.

C.  For all general damages for DENIAL OF SUBSTANTIVE DUE PROCESS - (Violation of Article I, Section 7 of the California Constitution) in an amount according to proof.

D.  For all general damages for DENIAL OF PROCEDURAL DUE PROCESS (Violation of Article I, Section 7 of the California Constitution) in an amount according to proof.

E.  For all general damages for SLANDER PER SE in a sum to be proven at trial, but in an amount no less than $25,000.00.

F.  For all general damages for TRADE LIBEL and DEFAMATION in a sum to be proven at trial, but in an amount no less than $25,000.00.

G.  For an order requiring Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

H.  For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendant COUNTY OF MARIPOSA, and Defendant DAVID L. CONWAY and each of them, from making any false misrepresentations to or otherwise harassing Plaintiff JOHN RIGGS concerning his contract(s) or business relationship(s)) with the general public in Mariposa County.

I.  For all general damages for INTENTIONAL INTERFERENCE WITH CONTRACTUAL RIGHTS in an amount according to proof.

/ / /

J.      For all general damages for INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE in an amount according to proof.

K.      For all general damages for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS in an amount according to proof.

L.      For all general damages for NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS in an amount according to proof.

M.      For all special damages in an amount according to proof.

N.      For exemplary and punitive damages as allowed by law against Defendant DAVID CONWAY, only in an amount according to proof.

O.      For attorney's fees, costs and fees incurred herein, as permitted by 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

P.      For such other and further relief as the Court may deem just and proper.

Q.      For costs of suit and attorney's fees as permitted by law.

DATED:       May 8, 2023

                           /s/ Jason M. Kerlan
                           JASON M. KERLAN
                           Attorney for Plaintiff
                           JOHN RIGGS

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff JOHN RIGGS respectfully demands a trial by jury of all issues triable by jury.

DATED:        May 8, 2023

_____/s/ Jason M. Kerlan_____
JASON M. KERLAN
Attorney for Plaintiff
JOHN RIGGS

Complaint for Damages - Page 29

# EXHIBIT 1

## COUNTY OF MARIPOSA CLAIM FORM

RECEIVED

SEP 2 6 2022

BOARD OF SUPERVISORS

CLAIM OF JOHN RIGGS
(Claimant)

v.

**COUNTY OF MARIPOSA**

CLAIM FOR PERSONAL INJURY
AND/OR PROPERTY DAMAGE
(Government Code § 910)

C22-6

## TO THE BOARD OF SUPERVISORS OF MARIPOSA COUNTY:

**YOU ARE HEREBY NOTIFIED that:** (Please type or print)

Claimant: JOHN RIGGS dba RIGGS EXCAVATION

Whose address is: Post Office Box 447

City and State: Ahwahnee          Zip: 93601

Contact Phone: (559)658-1978 Email:_____

claims damages from the **COUNTY OF MARIPOSA** in the amount, computed as of the date of presentation of this claim, of $500,000_____.

This claim is based on: (CHECK APPROPRIATE BOX OR BOXES)

☐ Property Damage

☑ Personal Injury

☐ Contract

☑ Other (Please List)

Trade Libel, Defamation, Denial Substantive Due
Process, Intentional Breach of Contractual Relations

which occurred on June 16_____, 20 22_____ in the vicinity of (place where incident occurred):
(MONTH/DAY)

See Attachment to Claim for Personal Injury and/or Property Damage
(PLACE WHERE INCIDENT OCCURRED)

Describe generally the facts and circumstances that give rise to the claim: (Please provide another page if more space is needed.)

See Attachment to Claim for Personal Injury and/or Property Damage

The name(s) of the public employee(s) causing claimant's injuries or damages under the above-described circumstances is/are:

John L. Conway, REHS, Director of Environmental Health Unit,

Mariposa County Department of Health and Human Services Agency

Claim Form Revised: 12/23/2019

The injuries sustained by claimant, as far as known, as of the date of presentation of this claim consist of:
*(Describe generally claimant's injuries or damages.)*
See Attachment to Claim for Personal Injury and/or Property Damage _____

_____
_____
_____

The amount claimed, as of the date of presentation of this claim is computed as follows:

**Damages incurred to date:**

Expenses for medical and hospital care      $_____

Loss of earnings      $500,000

Specific damages **(ITEMIZE & PROVIDE 3 REPAIR ESTIMATES)**

_____      $_____

_____      $_____

Other damages (ITEMIZE)

_____      $_____

_____      $_____

*TOTAL DAMAGES INCURRED TO DATE:*      $500,000

**Estimated future damages as far as known from this incident:**

Total estimated prospective damages:      $_____

**TOTAL AMOUNT CLAIMED AS OF DATE OF PRESENTATION OF THIS CLAIM:**      $500,000

All notices or other communications with regard to this claim should be sent to claimant at:

The Law Offices Of Jason M. Kerlan, P.C., PO Box 975, Fresno, CA 93714   jasonkerlan@gmail.com _____
*(ADDRESS TO WHICH NOTICES ARE TO BE SENT)*

Please return the completed form to: Clerk of the Board, 5100 Bullion St, PO Box 784, Mariposa, CA 95338

*\*\*PLEASE NOTE that once submitted, this document becomes a public record and is subject to all forms of public inspection including, but not limited to, display on the internet, and all public records requests.*

Dated: 9/26/22      Signed _____, Attorney at Law_____
*(CLAIMANT/AGENT FOR CLAIMANT)*

Government Code § 911.2. Time of or presentation of claims
A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with § 915) of this chapter not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with § 915) of this chapter not later than one year after the accrual of the cause of action.

Claim Form, Revised: 12/23/2019

JASON M. KERLAN  #183897
THE LAW OFFICES OF JASON M. KERLAN, P.C.
PO BOX 975
Fresno, California 93714
jasonkerlan@gmail.com
(559) 259-5959

## ATTACHMENT TO CLAIM FOR PERSONAL INJURY AND/OR PROPERTY DAMAGE OF JOHN RIGGS d.b.a. RIGGS EXCAVATION

### TO THE COUNTY OF MARIPOSA:

Claimant JOHN RIGGS d.b.a. RIGGS EXCAVATION (hereinafter collectively referred to as "Claimant") hereby submits this **ATTACHMENT TO CLAIM FOR PERSONAL INJURY AND/OR PROPERTY DAMAGE** and makes a claim against the COUNTY OF MARIPOSA and make the following statements in support of their claim:

**This claim is based on:**

**Incident One:**      On or about June 16, 2022, John L. Conway, REHS, Director of environmental Health Unit, Mariposa County Department of Health and Human Services Agency sent Claimant John Riggs d.b.a. Riggs EXCAVATION a certified letter stating as follows:

"The purpose of this letter is to inform you that effective immediately this office will no longer accept certifications from Riggs Excavation to assist us in approving Vacation Rental Applications. This decision is based on the fact that there have been several cases where there are inconsistencies in the reports we have received and what we observed in the field."

**Incident Two:**      Additionally, on July 13, 2022, John L. Conway, REHS, Director of environmental Health Unit, Mariposa County Department of Health and Human Services Agency sent Claimant John Riggs d.b.a. Riggs Excavation an email correspondence stating as

follows:

"On June 16, 2022, this office sent you two copies of the attached letter informing you that we will no longer accept certifications from your company regarding vacation rental properties. However, we received a certification for a vacation rental completed by you from Bruce Contreras dated June 27, 2022.

Mr. Contreras has been informed that we cannot accept the certification and must; therefore, have the certification redone."

**Incident Three and Continuing Incidents:**          From and after June 16, 2022, through the presentation of this claim, the County of Mariposa by and through its employee John L. Conway, REHS, Director of Environmental Health Unit, Mariposa County Department of Health and Human Services Agency has, in effect, suspended the general engineering license of Claimant John Riggs d.b.a. Riggs Excavation in the County of Mariposa without substantive and procedural due process and without notice and an opportunity to be heard before implementation of this policy, that in effect suspended the future acceptance of certifications from Claimant John Riggs d.b.a. Riggs Excavation. The aforementioned suspension policy has caused and will continue to cause Claimant significant financial injury to his ongoing business and trade in the County of Mariposa as a California general engineer licensed by the Contractors State License Board (License No. 881745).

The policy of the County of Mariposa of disallowing certifications from Claimant John Riggs d.b.a. Riggs Excavation is without legal cause and substantial justification.

**Describe generally the facts and circumstances that give rise to the Claim:**

[a]     On or about June 16, 2022, through the present employee John L. Conway intentionally and/or negligently caused substantial financial losses to Claimant John Riggs d.b.a. Riggs Excavation without legal cause and substantial justification.

[b]    Before implementation of the policy disallowing certifications from Claimant John Riggs, Claimant John Riggs was not given adequate notice and an opportunity to be heard before the implementation of said policy.

[c]    At all relevant times, employee John L. Conway was acting in the course and scope of his employment with the County of Mariposa.

**The injuries sustained by claimant, as far as known, as of the date of the presentation of this claim consist of:**

Claimant John Riggs dba Riggs Excavation's losses and injuries from June 16, 2022, through the presentation of this claim sustained are as follows:

1.    A violation of Claimant John Riggs' civil rights and conspiracy to violate his civil rights, including but not limited to, violation of privacy rights and inalienable rights as guaranteed by the California Constitution.

2.    A violation of both Federal and California substantial and procedural due process;

3.    Libel and Trade Libel;

4.    Slander;

5.    Negligence and Negligence Per Se;

6.    Intentional Interference with Contractual Rights;

7.    Negligent Interference with Contractual Rights;

8.    Intentional Interference with Prospective Economic Advantage;

9.    Negligent Interference with Prospective Economic Advantage;

10.    Intentional Interference with Emotional Distress;

11.    Negligent Interference with Emotional Distress;

12. False light;

13. Public disclosure of private facts;

14. General damages and special damages in the amount of five hundred thousand dollars ($500,000.00) or in an amount to proven at trial whichever is greater; and,

15. Reasonable attorney's fees and costs for the prosecution of this claim.

**Jurisdiction:** The jurisdiction in this matter shall rest in Superior Court of the State of California, in and for the County of Mariposa, unlimited civil jurisdiction or United States District Court in and for the Eastern District of California.

DATED: September 26, 2022

_____
JASON M. KERLAN
Attorney for Plaintiff
JOHN RIGGS

# EXHIBIT 2

# Mariposa County
## Board of Supervisors

District 1 ... ROSEMARIE SMALLCOMBE
District 2 ................................. VACANT
District 3 ................. MARSHALL LONG
District 4 .............. WAYNE FORSYTHE
District 5 ................ MILES MENETREY



DALLIN KIMBLE
County Administrative Officer
DANIELLE BONDSHU
Clerk of the Board

P. O. Box 784
Mariposa, CA 95338
(209) 966-3222
(800) 736-1252
www.mariposacounty.org/board

John Riggs
Riggs Excavation
P.O. Box 447
Ahwahnee, CA 93601

### NOTICE OF REJECTION OF CLAIM NO. C22-6/JOHN RIGGS

Notice is hereby given that the claim which you presented to the Board of Supervisors on September 26, 2022, in the amount of $500,000 was rejected on November 1, 2022.

The foregoing was passed by the following vote of the Board on the 1ST day of November 2022:

AYES:       SMALLCOMBE, LONG, FORSYTHE, MENETREY
NOES:       NONE
ABSENT:     NONE
ABSTAINED:  NONE

ROSEMARIE SMALLCOMBE, Chair
Board of Supervisors

ATTEST:

DANIELLE BONDSHU
Clerk of the Board

APPROVED AS TO FORM:

STEVEN W. DAHLEM
County Counsel

### Warning

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Mariposa County - - An Equal Opportunity Employer

**Proof of Service by Mail**
(1013a, 2015.5 CCP)

STATE OF CALIFORNIA, COUNTY OF MARIPOSA:

I am a citizen of the United States and a resident of the aforesaid County. I am over the age of eighteen years and not a party to the within entitled action; my business address is 5100 Bullion Street (P.O. Box 189), Mariposa, CA 95338. On November _8_, 2022 I served the within Notice of Rejection of Claim No. C22-6/John Riggs dba Riggs Excavation on the claimant in said action by placing a true copy in a postage-paid envelope addressed to the person(s) hereinafter listed, in California, addressed as follows:

> John Riggs
> dba Riggs Excavation
> P.O. Box 447
> Ahwahnee, CA 93601

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on November _8_, 2022 at Mariposa, California.


Rhonda Scherf

# END OF

# EXHIBITS